UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENNIS BRUCE ALLUMS,**<br><br>Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF JUSTICE, ET AL.,**<br><br>Defendants. | Case No. 4:19-cv-04906-YGR<br><br>**ORDER GRANTING DEFENDANT CITY OF BERKELEY'S MOTION TO DISMISS PLAINTIFF DENNIS BRUCE ALLUMS' FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 14 |

Plaintiff Dennis Bruce Allums brings *pro se* this first amended complaint for violation of civil rights against defendants Department of Justice, University of California at Berkeley, Bay Area Rapid Transit, City of Berkeley ("Berkeley"), and the Federal Bureau of Investigation. (Dkt. No. 9.) Allums brings claims under 42 U.S.C. section 1983 for criminal conspiracy, criminal defamation, violation of whistleblower laws, sexual harassment, harassment, freedom of religion, freedom of expression, and right to form a militia. (*Id.* at 3.)

Now pending before the Court is defendant Berkeley's motion to dismiss Allums' first amended complaint. (Dkt. No. 14.) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** the motion.

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). In other words, the operative complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, the Court construes Allums' pleadings liberally, as he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).

Here, Berkeley moves for dismissal of the first amended complaint on three bases: (1) the statute of limitations; (2) insufficient allegations to state a section 1983 claim; and (3) failure to comply with the California Tort Claims Act. Each is discussed below.

The gravamen of first amended complaint, although unclear, seems to be that events commencing in 2004 through July 2019 resulted in providing males of "certain ethnic" backgrounds the "right to harm women and children." (Dkt. No. 9 at 4.) Broadly speaking, the allegations as to Berkeley's actions includes: "The City of Berkeley et [sic] 'Does 1-100 et al, has attempted for 10 years to defame Plaintiff by putting forth falsehoods and rumors, an absolute violation of God's covenants and a classic deception thus satanic. [sic] strategy"; (*id.* at 10) "Berkeley as part of policy/satanic ritual sacrifice allowed those who did not follow their satanic liberal belief system to be beaten injured and it was all a documented part of public policy";[1] (*id.*) "The City of Berkeley protected or encouraged by federal policing services did encourage local police officers to protect those of certain parties;" (*id.*) and "The City of Berkeley, empowered by the protection of federal agents did maliciously and with intent deny minorities women of color and the homeless protection under the law for the purpose of changing the racial and social make-up of Berkeley, California." (*Id.* at 11.)[2]

---

[1] The Court notes that this allegation could also be referencing defendant University of California at Berkeley, but the Court includes the allegation in the above list an effort to document all of the potential allegations as to Berkeley.

[2] The Court further notes that Allums has filed several filings titled "Additional Allegations." (*See, e.g.*, Dkt. No. 13, 23, 24.) As these filings are outside the operative amended complaint, the Court does not consider these filings in addressing the motion to dismiss.

First, the statute of limitations for claims brought under 42 U.S.C. section 1983 in the state of California is two years. *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014). The allegations as pled, do not include any dates as to Berkeley's actions. Such information is necessary where Allums' other allegations state that defendants' actions go as far back as 2004. Without more, the complaint does not allege a timely claim.

Second, under federal law, a municipal entity can be liable where the action alleged to be unconstitutional is done pursuant to a governmental policy or custom under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). A public entity "cannot be held liable solely because it employs a tortfeasor." *Id*. Instead, a claim for section 1983 liability against a municipality under *Monell* may be stated in one of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities). None of these circumstances is pled, only a general reference to a "public policy." This is insufficient to state a legal claim.

Third, the California Tort Claims Act requires presentation of a written claim, and action on or rejection of the claim, as conditions precedent to filing suit. *See State v. Sup. Ct.,* 32 Cal. 4th 1234, 1240 (2004). Failure to allege compliance with the pre-lawsuit claim requirement is fatal to any state law tort claim for damages, and the state law claims are subject to dismissal. *See Hacienda La Puente Unified School Dist. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992). Here, it is unclear to the Court based on the allegations in the first amended complaint whether Allums is bringing a state law claim. However, to the extent that Allums is indeed bringing such a claim, Allums is required to include allegations of his compliance with the notice provisions of the Tort Claims Act.

Accordingly, for the foregoing reasons, the Court **GRANTS** Berkeley's motion to dismiss. "It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after repeated opportunities." *Destfino v. Reiswig*, 630 F.3d 952, 959

3

(9th Cir. 2011) (internal quotation marks omitted). While Allums has once amended his complaint as of right under Rule 15(a)(1)(B), the Court permits Allums an additional opportunity to address the deficiencies identified in this Order. Thus, the Court **GRANTS** Allums leave to amend the first amended complaint. To the extent that Allums files a second amended complaint, Allums shall do so on or before **Tuesday, March 10, 2020**. Defendants shall respond within **twenty-one** (**21**) days of the filing of the second amended complaint.

The Court advises Allums that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

Assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California or the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California; (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org. The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Number 14.

**IT IS SO ORDERED.**

Dated: February 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**