United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**DENNIS BRUCE ALLUMS,**

Plaintiff,

v.

**DEPARTMENT OF JUSTICE, ET AL.,**

Defendants.

Case No.  4:19-cv-04906-YGR

**ORDER GRANTING DEFENDANTS BAY AREA RAPID TRANSIT'S AND  FEDERAL DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF DENNIS BRUCE ALLUMS' SECOND AMENDED COMPLAINT**

Re: Dkt. No. 41, 42

Plaintiff Dennis Bruce Allums brings *pro se* this second amended complaint for violation of civil rights against defendants Department of Justice, the Federal Bureau of Investigation, John Does 1-99 (collectively, the "Federal Defendants"), and Bay Area Rapid Transit ("BART").[1] (Dkt. No. 38.)  Mr. Allums brings a *Bivens* claim based on criminal conspiracy, defamation, invasion of privacy, and harm based on injuries including a herniated disk and torn ligaments.  (*Id.* at 5.)

Now pending before the Court are BART's and the Federal Defendants' motions to dismiss Mr. Allums' second amended complaint.  (Dkt. No. 38.)  Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** the motions to dismiss.

## LEGAL FRAMEWORK

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

---

[1] As explained herein, although the second amended complaint does not identify BART as a party to this litigation, BART is identified as a party against which a claim is asserted.  (*See* Dkt. No. 38 at 21 (allegation and claim regarding BART).)

United States District Court
Northern District of California

1   1104 (9th Cir. 2008).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s]

2   factual allegations in the complaint as true and construe[s] the pleadings in the light most

3   favorable to a nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

4   1031 (9th Cir. 2008).  Mere "conclusory allegations of law and unwarranted inferences are

5   insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.

6   2004).  In other words, the operative complaint must plead "enough facts to state a claim [for]

7   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim

8   is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

9   reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

10   556 U.S. 662, 678 (2009).

11         Moreover, a defendant may move to dismiss a complaint for lack of subject matter

12   jurisdiction under Rule 12(b)(1).  *See Savage v. Glendale Union High Sch., Dist. No. 205,*

13   *Maricopa Cty.*, 343 F.3d 1036, 1039- 40 (9th Cir. 2003). Courts consider the issue as a threshold

14   matter before addressing the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 US 83,

15   94 (1998).  Plaintiffs bear the burden of establishing jurisdiction because, by filing a complaint in

16   federal court, they seek to invoke it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

17   377 (1994).

18         Finally, the Court construes Mr. Allums' pleadings liberally, as he is proceeding *pro se*.

19   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally

20   construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

21   standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).

22                                            **ANALYSIS**

23         The Court in a prior Order dismissed Mr. Allums' first amended complaint because of

24   defects in the complaint against then defendant City of Berkeley.  (Dkt. No. 28.)  Mr. Allums

25   thereafter filed the operative second amended complaint, which asserted causes against the Federal

26   Defendants and BART.  (Dkt. No. 38.)  Although Mr. Allums was permitted another opportunity

27   to amend his complaint, the gravamen of second amended complaint is as unclear as the first

28   amended complaint which the Court dismissed.  In short, the second amended complaint seems to

1    concern events commencing in and around 2002 or 2004 through the present.  More specifically,

2    Mr. Allums alleges that he thwarted a conspiracy against a well-known celebrity, and claims

3    writing credit for a formerly popular television show.  Because of these actions, Mr. Allums

4    alleges that he was subject to retaliation from the Federal Defendants, whose agents have sought to

5    defame and discredit him through interactions in the Bay Area, including on BART trains and in

6    the city of Berkeley.  Specifically, Mr. Allums provides allegations regarding several interactions

7    with individuals – mostly women – which he contends, based on their behavior and interactions

8    with him, demonstrates human trafficking and continued harassment as Mr. Allums alleges that

9    these individuals are agents of the Federal Defendants.  Mr. Allums also alleges that his privacy

10   has been invaded, and that Federal Defendants are protecting a dangerous man local in the city of

11   Berkeley.

12          With this context, the Court analyzes the two motions to dismiss before it:

13          BART's Motion to Dismiss.  **GRANTED**.  The second amended complaint does not list

14   BART as a party in this action, but it does contain allegations that reflect an interaction Mr.

15   Allums had on a BART train with an individual he alleges was a child molester.  (Dkt. No. 38 at

16   21.)  In his opposition to BART's motion to dismiss, Mr. Allums clarifies that this claim is not

17   made *against* BART, but rather is a pattern of practice by the Federal Defendants.  (Dkt. No. 48 at

18   4 ("The first and second amendment [sic] complaints are not against them.  That is why their

19   names are taken off. . . . They are no longer part of the complaint. . . . IT IS NOT A CLAIM

20   AGAINST BART. IT IS A CLAIM AGSINT [sic] FEDERAL AGENTS."), 5 ("Again, the

21   plaintiff is referring to federal agents, not SFBART."), 6 ("In conclusion, despite the fact that this

22   suit is no longer/currently about [BART], it is clear that there is enough to add them back at a later

23   date yet I choose not at this time.").)  As the second amended complaint does not otherwise

24   contain any allegations as to BART, this is now the third complaint Mr. Allums has filed in this

25   matter, and Mr. Allums does not otherwise argue that BART is appropriately included in this

26   action, BART's motion to dismiss is **GRANTED**.  BART is **DISMISSED** from this matter.

27          Federal Defendants' Motion to Dismiss.  **GRANTED**.  Federal Defendants aver that

28   dismissal is appropriate because (1) *Bivens* actions against federal agencies are barred by the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    doctrine of sovereign immunity, and (2) the John Does should be dismissed because the complaint

2    fails to identify specifically John Does to each unconstitutional action, and the complaint is

3    otherwise incoherent, nonsensical, and rambling.  Mr. Allums opposes both of these requests for

4    dismissal, citing as authority the Federal Torts Claim Act and *Bivens* actions against officials

5    instead of federal agencies.

6         First, with respect to whether Mr. Allums' claims are barred by the doctrine of sovereign

7    immunity, Mr. Allums does not persuade.  "The United States can be sued only to the extent that it

8    has waived its sovereign immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987),

9    *cert. denied*, 487 U.S. 1204 (1988).  "Absent a waiver, sovereign immunity shields the Federal

10   Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "A claim for

11   damages against a federal agency is barred by sovereign immunity unless Congress has consented

12   to suit." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460, n.6 (9th Cir. 1985).  "Where a suit has not

13   been consented to by the United States, dismissal of the action is required." *Id.* at 1458.  "Thus,

14   the United States may not be sued without its consent and the terms of such consent define the

15   court's jurisdiction." *Baker*, 817 F.2d at 562.  "A waiver of traditional sovereign immunity is not

16   implied but must be unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399 (1976).

17   Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United*

18   *States*, 342 U.S. 25, 27 (1951), and not "enlarge[d] . . . beyond what the language requires,"

19   *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686 (1927).

20        "The question whether the United States has waived its sovereign immunity against suits

21   for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy v. United*

22   *States*, 850 F.2d 558, 560 (1988), *cert. denied*, 489 U.S. 1052 (1989). "A party bringing a cause of

23   action against the federal government bears the burden of showing an unequivocal waiver of

24   immunity." *Baker*, 817 F.2d at 562. "It is incumbent upon the plaintiff properly to allege the

25   jurisdictional facts . . . ." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178,

26   182 (1936).

27        *Bivens* "created a remedy for violations of constitutional rights committed by federal

28   officials acting in their *individual* capacities." *Consejo De Desarrollo Economico De Mexicali,*

4

1   *A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (emphasis supplied).  "In a

2   paradigmatic *Bivens* action, a plaintiff seeks to impose personal liability upon a federal official

3   based on alleged constitutional infringements he or she committed against the plaintiff."  *Id.*

4   (citing *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003).

5   "[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only,

6   and not in his or her official capacity."  *Id.* (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355

7   (9th Cir. 1987)).  "This is because a *Bivens* suit against a defendant in his or her official capacity

8   would merely be another way of pleading an action against the United States, which would be

9   barred by the doctrine of sovereign immunity." *Id.* (citing *Nurse v. United States*, 226 F.3d 996,

10  1004 (9th Cir. 2000)).  "Therefore, the Supreme Court has refused to extend *Bivens* remedies from

11  individuals to agencies."  *Id.* (citing *Meyer*, 510 U.S. at 484 (1994)); *Stine v. Bureau of Prisons*,

12  No. 2:18-cv-0684 KJN P, 2018 WL 2771332, at *3 (E.D. Cal. June 7, 2018) ("A *Bivens* action

13  will not lie against the United States, or agencies of the United States." (citing *Meyer*, 510 U.S. at

14  484)).

15          Here, Mr. Allums seeks to bring a *Bivens* action against the Federal Defendants – the

16  Department of Justice and Federal Bureau of Investigations – both of which are agencies of the

17  United States. The law is clear.  The Court lacks subject matter jurisdiction over the second

18  amended complaint as it pertains to the Federal Defendants and must dismiss them from this

19  action with prejudice. *See, e.g., Stine*, 2018 WL 2771332, at *3 (dismissing the BOP, Western

20  Regional Office; the Federal BOP; the DOJ; and the SIU/Sacramento, BOP as defendants in a

21  *Bivens* action without leave to amend); *Daskalakis v. FBI*, No. 4:10-CV-221-BLW, 2011 WL

22  1900439, at *5-6 (D. Idaho Apr. 28, 2011) (dismissing *Bivens* claims against the FBI and the U.S.

23  Drug Enforcement Agency with prejudice).

24          Next, Mr. Allums argues that discovery should be permitted as to the John Doe defendants.

25  Again, Mr. Allums does not persaude.  "As a general rule, the use of 'John Doe' to identify a

26  defendant is not favored." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (citing *Wiltsie v.*

27  *California Department of Corrections*, 406 F.2d 515, 518 (9th Cir.1968)); *see also* Fed. R. Civ. P.

28  10(a) ("The title of the complaint must name all the parties . . . .").  "However, . . . where the

United States District Court
Northern District of California

5

1   identity of alleged defendants will not be known prior to the filing of a complaint. . . . , the

2   plaintiff should be given an opportunity through discovery to identify the unknown defendants."

3   *Id.* But a court need not permit discovery if "it is clear that discovery would not uncover the

4   identities, or that the complaint would be dismissed on other grounds." *Id.* (citations omitted).

5           Here, it is not clear that discovery would uncover the identities and the complaint is

6   appropriately dismissed on other grounds. Mr. Allums has failed to plead a sufficient factual basis

7   showing that any federal official, acting under the color of law, took part in the events alleged in

8   the second amended complaint. In similar circumstances, other courts have not permitted any

9   discovery. *See Martinez v. Davey*, No. 1:16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5

10  (E.D. Cal. Feb. 15, 2018) ("Before Plaintiff may engage in discovery as to the unknown

11  defendants, he first must link each of them to a constitutional violation. He must address each

12  defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how any

13  Doe defendant personally participated in the violation of his constitutional rights.") (citing *Iqbal*,

14  556 U.S. at 676-77); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)

15  ("[T]he plaintiff should identify the missing party with sufficient specificity such that the Court

16  can determine that defendant is a real person or entity who could be sued in federal court."

17  (citations omitted)).

18          Moreover, the second amended complaint – although more concise than the prior

19  complaint before it – is still mainly incomprehensible and filled with irrelevant ramblings and text.

20  "While 'the proper length and level of clarity for a pleading cannot be defined with any great

21  precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a

22  complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'"

23  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A.

24  Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)). "A complaint

25  may be dismissed for violating Rule 8 even if 'a few possible claims' can be identified and the

26  complaint is not 'wholly without merit.'" *Atherton v. Beverly Hills Pub. Library*, No. CV 19-

27  10167-CJC (KK), 2020 WL 94508, at *2 (C.D. Cal. Jan. 8, 2020) (quoting *McHenry v. Renne*, 84

28  F.3d 1172, 1179 (9th Cir. 1996)).

United States District Court
Northern District of California

1    Thus, the Federal Defendants' motion to dismiss is **GRANTED**.  The Federal Defendants are

2    **DISMISSED** from this matter.

3                                                   **CONCLUSION**

4    Accordingly, for the foregoing reasons, the Court **GRANTS** BART's and the Federal

5    Defendants' motions to dismiss.  "It is well-established that a court may dismiss an entire

6    complaint with prejudice where plaintiffs have failed to plead properly after repeated

7    opportunities." *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (internal quotation marks

8    omitted).  Mr. Allums has now had three opportunities to file a complaint, each one suffering the

9    same defects as the prior complaint – namely, that the pleadings contain rambling, irrelevant, and

10   incomprehensible text that fail to state a cognizable claim against the appropriate defendants, even

11   when read as liberally as possible.  Although the complaints have been getting relatively more

12   concise, none of the complaints filed to date have satisfied Rule 8's requirements.  The Court finds

13   that dismissal with prejudice is now appropriate.  Accordingly, this matter is **DISMISSED WITH**

14   **PREJUDICE**.

15   The Clerk of the Court is directed to close this matter.

16   This Order terminates Docket Numbers 41 and 42.

17   **IT IS SO ORDERED.**

18

19   Dated: September 15, 2020

20                                                                            _____
                                                                             **YVONNE GONZALEZ ROGERS**
21                                                                           **UNITED STATES DISTRICT JUDGE**

22

23

24

25

26

27

28

United States District Court
Northern District of California